IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-610-WJM-SKC

LYNN EUGENE SCOTT,

    Plaintiff,

v.

STEVENSON CARY, Aurora Police Officer,
JOHN DOE, Aurora Police Officer,
THE CITY OF AURORA,

    Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART JULY 5, 2019
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the July 5, 2019 Recommendation by U.S. Magistrate Judge S. Kato Crews (ECF No. 97) (the "Recommendation") that Defendants' Partial Motion to Dismiss (ECF No. 81) pursuant to Fed. R. Civ. P. 12(b)(6) be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons that follow, the Recommendation is ADOPTED IN PART and REJECTED IN PART.

## I. BACKGROUND

On October 3, 2018, Plaintiff Lynn Eugene Scott, proceeding *pro se*, filed his Amended Complaint (ECF No. 75) in this Court against Defendants the City of Aurora ("the City"), Aurora police officer Stevenson Cary ("Cary"), and Defendant Cary's unnamed supervisor ("Doe") at the Aurora Police Department.

Plaintiff's Amended Complaint alleges that on November 30, 2016, he called 911 because his girlfriend had cut herself and was bleeding to death. (ECF No. 75 at 4.) Defendants Cary and Doe arrived at the scene and subsequently arrested Plaintiff, apparently believing that Plaintiff was responsible for his girlfriend's injury. (*Id.*) Plaintiff alleges that Defendants Cary and Doe eventually filed a probable cause affidavit in which they deliberately or recklessly omitted facts that would have cast doubt on the existence of probable cause for Plaintiff's arrest. (*Id.*) Plaintiff, who is black, alleges that the principal motivator for this arrest was his race, and as such, seeks to recover damages under 42 U.S.C. §§ 1981 and 1983, and Colorado state law. (*Id.* at 4–15.)

On October 24, 2018, Defendants Aurora and Cary filed a Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 81) pursuant to Fed. R. Civ. P. 12(b)(6). The motion was referred to U.S. Magistrate Judge S. Kato Crews by the undersigned on February 7, 2019. (ECF No. 92.) The Magistrate Judge entered a Recommendation on July 5, 2019, recommending that Defendants' Motion be granted in part and denied in part. (ECF No. 97.) Plaintiff filed an objection to the Recommendation on September 23, 2019 (ECF No. 108), and Defendants on October 3, 2019 filed a response to Plaintiff's objection (ECF No. 109).

## II. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely

2

and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed R. Civ. P. 72(b)(3).

**B.      Review of a Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

3

and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

C.     **Review of a *Pro Se* Plaintiff's Pleadings**

The Court must construe a *pro se* plaintiff's pleadings and filings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### III.  ANALYSIS

A.     **Claims 1 & 2 – Federal Claims Against the City**

1.     Claim 1 – § 1983 / Constitutional Claim Against the City

Plaintiff in his Amended Complaint seeks to impose liability on the City for Defendants Cary and Doe's alleged constitutional violations under 42 U.S.C. § 1983. (ECF No. 75 at 3–8.) Defendants' Motion sought to dismiss these claims (ECF No. 81 at 5–9), and the Magistrate Judge recommended that they be dismissed (ECF No. 97 at 6–8). Because Plaintiff objected to that analysis (ECF No. 108 at 1–2), the Court will review it *de novo*. *See* Fed. R. Civ. P. 72(b)(3).

Claims of this nature are subject to the rule articulated in *Monell v. Department of Social Services*, 436 U.S. 658, 694–95 (1978). Under *Monell*, a municipal entity may be held liable under § 1983 only "when execution of a government's policy or custom,

4

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* at 694. The Magistrate Judge recommended that these claims be dismissed on the basis that Plaintiff failed to adequately allege facts supporting an inference that Defendants Cary and Doe were acting pursuant to an official City policy or custom of conducting race-based arrests. (ECF No. 97 at 6–8.) That analysis is sound.

Combing through Plaintiff's Amended Complaint, there do not appear to be any facts alleged which would support an inference that Defendants Cary and Doe were acting pursuant to an official City policy or custom of conducting race-based arrests. To be sure, the Amended Complaint is replete with bare assertions that they were (ECF No. 75 at 4–7), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's objection to this portion of the Recommendation is OVERRULED, and the Court ADOPTS this portion of the Recommendation. Plaintiff's constitutional / § 1983 claims against the City are DISMISSED WITH PREJUDICE.

2. <u>Claim 2 – § 1981 Claim Against the City</u>

Plaintiff's Amended Complaint alleges that the City violated his right under 42 U.S.C. § 1981(a) "to the full and equal benefit of all laws[.]" (ECF No. 75 at 7.) The Magistrate Judge recommended that this claim be dismissed (ECF No. 97 at 11 n.3), and Plaintiff did not object to that recommendation (ECF No. 108). Finding no clear error, the Court ADOPTS this portion of the Recommendation. Plaintiff's § 1981 claim against the City is DISMISSED WITH PREJUDICE.

## B. Claims 3–6 – § 1981 Claims Against Defendants Cary and Doe

### 1. Claims 3 & 4 – § 1981 Claims Against Defendants Cary and Doe in Their Official Capacities

Plaintiff seeks to hold Defendants Cary and Doe, in their official capacities, liable under 42 U.S.C. § 1981. (ECF No. 75 at 7.) The Magistrate Judge recommended that the claims against Cary and Doe in their official capacities be dismissed (ECF No. 97 at 11), and Plaintiff did not object to this portion of the Recommendation (ECF No. 108). Finding no clear error, the Court ADOPTS this portion of the Recommendation. Plaintiff's § 1981 claims against Defendants Cary and Doe in their official capacities are DISMISSED WITH PREJUDICE.

### 2. Claims 5 & 6 – § 1981 Claims Against the City

Plaintiff also seeks to hold Defendants Cary and Doe, in their individual capacities, liable under 42 U.S.C. § 1981. (ECF No. 75 at 3, 7.) The Magistrate Judge recommended that these claims be allowed to go forward (ECF No. 97 at 12), and Defendants did not object to this portion of the Recommendation (ECF No. 109). Finding no clear error, the Court ADOPTS this portion of the Recommendation. Plaintiff's § 1981 claims against Defendants Cary and Doe in their individual capacities remain pending.[1]

## C. Claims 7–11 – State Law Claims

Plaintiff brings numerous state law claims against Defendants. (ECF No. 75 at 10–13.) Defendants seek to have these claims dismissed on the basis that Plaintiff failed to comply with requirements of the Colorado Governmental Immunity Act

---

[1] Section 1981 does not create an implied cause of action against state actors. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1137 (10th Cir. 2006). Nevertheless, the Court reads Plaintiff's Amended Complaint on this score as seeking to vindicate his § 1981 right through the § 1983 cause of action. *Cf. id.*

("CGIA"), Colo. Rev. Stat. § 24-10-109.  (ECF No. 81 at 9–10.)  Specifically at issue are the CGIA's notice provisions, which provide in relevant part:

> (1) Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, . . . shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury[.]
> . . .
> (3)(a) If the claim is against the state or an employee thereof, the notice shall be filed with the attorney general. If the claim is against any other public entity or an employee thereof, the notice shall be filed with the governing body of the public entity or the attorney representing the public entity. . . .

Colo. Rev. Stat. § 24-10-109.

In his Amended Complaint, Plaintiff alleges that on March 15, 2017, he filed a notice of his intent to sue Defendants with "the Aurora City Safety Office." (ECF No. 75 at 9.)  Defendants in their Partial Motion to Dismiss counter that no such office exists, and that in any event, it would not be the proper entity to notice under the statute.  (ECF No. 81 at 10.)  The Magistrate Judge recommended that Plaintiff's state law claims be dismissed because he had failed to adequately allege compliance with the CGIA notice provisions.  (ECF No. 97 at 13–15.)  Plaintiff objected to this portion of the Recommendation (ECF No. 108 at 2–3), and as such, the Court will review it *de novo*.  *See* Fed. R. Civ. P. 72(b)(3).

Compliance with section 24-10-109(1) of the CGIA, which requires that notice be filed within 182 days, is "a jurisdictional prerequisite to suit that therefore requires strict compliance with its terms." *Finnie v. Jefferson City Sch. Dist. R-1*, 79 P.3d 1253, 1256 (Colo. 2003).  Litigants filing claims subject to the CGIA must plead compliance with subsection (1) in order to survive a motion to dismiss. *Aspen Orthopaedics & Sports*

*Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003). The basis for this rule is as follows:

> The rules concerning pleading and the litigation of claims from which the [state] government may be immune . . . begin with the simple rule that the plaintiff bears the burden of establishing subject matter jurisdiction under the governmental immunity statute. Thus, the plaintiff must allege facts sufficient to vest the trial court with jurisdiction, and that includes averments that the claimant has complied with the jurisdictional prerequisite of filing of a [CGIA] notice of claim.

*Id.* (citing Stephen A. Hess, *5A West's Colorado Practice Series, Handbook on Civil Litigation* § 1180 (West 2000 & Supp. 2003)).

By contrast, subsection (3), which prescribes the entity to which notice must be sent, operates only as "a statutory defense to claims rather than creating a jurisdictional prerequisite to suit[,]" *Finnie*, 79 P.3d at 1256 (citing *Brock v. Nyland*, 955 P.2d 1037, 1042–43, 1045–46 (Colo. 1998); *Reg'l Transp. Dist. v. Lopez*, 916 P.2d 1187, 1193 (Colo. 1996)), and claimants are not responsible for pleading the adverse party's lack of an affirmative defense, *see* Fed. R. Civ. P. 12(b). Thus, while Plaintiff was required to plead compliance with the CGIA notice provision,[2] Plaintiff's failure in his Amended Complaint to correctly identify the entity to whom he mailed notice is not grounds for dismissal. As such, Plaintiff's objection to this portion of the Recommendation is SUSTAINED, and this portion of the Recommendation is REJECTED. Plaintiff's state law claims remain pending.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

---

[2] "Generally, an allegation such as the following would suffice: 'Plaintiff fully complied with the provisions of Colo. Rev. Stat. section 24-10-109.'" *Aspen Valley*, 353 F.3d at 841.

The Magistrate Judge's Recommendation is ADOPTED IN PART and REJECTED IN PART:

1. Plaintiff's objection to the Recommendation (ECF No. 97) is OVERRULED as to Claim 1 and SUSTAINED as to Claims 7–11;

2. The Recommendation is ADOPTED with respect to Claims 1–6 and REJECTED with respect to Claims 7–11;

3. Defendants' Partial Motion to Dismiss (ECF No. 81) is GRANTED with respect to Claims 1–4 and these claims are DISMISSED WITH PREJUDICE;

4. Defendants' Partial Motion to Dismiss is DENIED with respect to Claims 5–11; and

5. The Magistrate Judge shall set this matter for a Scheduling Conference as soon as practicable, as this action remains pending as to Plaintiff's Claims 5–11.

Dated this 12th day of November, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge